IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA CARTER,<br><br>    Plaintiff,<br><br>  v.<br><br>HEWLETT-PACKARD COMPANY and<br>HEWLETT- PACKARD COMPANY INCOME<br>PROTECTION PLAN,<br><br>    Defendants.<br>_____/ | No. C 04-3307 CW<br><br>ORDER GRANTING<br>DEFENDANTS'<br>MOTION FOR<br>JUDGMENT UNDER<br>RULE 52 AND<br>DENYING<br>PLAINTIFF'S<br>MOTION FOR<br>SUMMARY JUDGMENT |

    Plaintiff Debra Carter moves, pursuant to Federal Rule of Civil Procedure 56, for summary judgment that she is entitled to long-term disability benefits under Defendant Hewlett-Packard Company Income Protection Plan (IPP). Defendants oppose the motion and move for judgment under Federal Rule of Civil Procedure 52. The matter was heard on April 15, 2005. Having considered the parties' papers, the evidence cited therein and oral argument on the motions, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendants' motion for

judgment under Rule 52.

## BACKGROUND

The following facts are taken from the administrative record (AR).[1] Plaintiff was employed by Defendant Hewlett-Packard Company from June, 1984 until she became disabled on September 17, 2002. At all times relevant to this action, Plaintiff was covered by the IPP, which is a self-funded benefits plan organized under the Employee Retirement Income Security Act (ERISA). The IPP is administered, according to its terms, by Volunteer Plan Administrators, Inc. (VPA).

An employee insured under the IPP is entitled to up to fifty-two weeks of short-term disability benefits if he or she is "totally disabled," which means "continuously unable to perform each and every duty of his or her Usual Occupation." AR 475. Beyond the fifty-two week short-term benefits period, the employee is entitled to long-term disability benefits only if he or she is "continuously unable to perform any occupation for which he or she is or may become qualified by reason of his or her education, training or experience." Id. Disabilities resulting from a mental or nervous disorder are only considered total disabilities, for purposes of long-term disability benefits, if the individual is confined to a hospital or a long-term care facility. AR 476. The IPP defines mental and nervous disorders as, inter alia, those conditions contributed to by

---

[1] The Court did not consider any facts outside of the administrative record in ruling on these motions. Thus, Plaintiff's motion to strike the declaration of Janet Curry (Docket No. 33) is DENIED as moot.

2

mental illness as well as those exhibiting any behavioral or psychologic manifestations, and it explicitly excludes fibromyalgia.  Id.  In addition, benefits for long-term disability due to mental or nervous disorders are only paid for fifty-two weeks after the initial short-term disability period. AR 477.

An amendment to the IPP that took effect January 1, 2002 states as follows: "The Claims Administrator [VPA] shall have the discretionary power to construe the language of the Plan and make the decision on review on behalf of the Company."  Prior to the amendment, the IPP expressly granted discretionary authority to the Hewlett-Packard Company Employee Benefits Organization to construe the language of the IPP.  The IPP's summary plan description, which is distributed to employees along with the IPP, does not expressly state that VPA has discretionary authority, although it does state, "The determination of whether you are totally disabled shall be made by the claims administrator and shall be based on objective medical evidence." AR 525.  The summary plan description contains the following disclaimer: "This section provides the highlights of the Plan, but it is far shorter and less technical than the official Plan documents.  The official Plan documents are always used to determine when and what benefits will be provided under the Plan."  AR 522.

When Plaintiff became disabled in September, 2002, she began to receive short-term disability benefits, which she would continue to receive for fifty-two weeks, for depression, anxiety

3

1  and fibromyalgia.  In May, 2003, Plaintiff filed her claim for
2  long-term disability benefits.  On her claim form, Plaintiff
3  listed as her disabling injuries interstitial cystitis,
4  fibromyalgia and fatigue.  Plaintiff had also been diagnosed
5  with irritable bowel syndrome by at least one physician, but she
6  did not list that ailment on her claim form.  AR 163-64.
7  Plaintiff's attending physician, Thomas Snyder, attached a
8  statement of disability, in which he diagnosed Plaintiff with
9  chronic interstitial cystitis and noted that she was in post-
10 treatment for cervical cancer.  Dr. Snyder stated that Plaintiff
11 required hourly unscheduled restroom breaks, which could last as
12 long as fifteen minutes, and pain medication.  Dr. Snyder also
13 noted that Plaintiff's psychological state was "tenuous at
14 best," that she suffered from depression, and that her emotional
15 factors contributed to her physical and functional limitations.
16 AR 103.  As part of VPA's review of Plaintiff's claim for long-
17 term disability benefits, her medical file was reviewed by Dr.
18 Gerald Weingarten, although Dr. Weingarten did not personally
19 examine her.
20      On September 16, 2003, VPA denied Plaintiff's claim for
21 long-term benefits.  The denial stated that Plaintiff had
22 provided evidence that she suffered from depression, anxiety and
23 fibromyalgia.  However, VPA stated that denial of benefits was
24 appropriate because the IPP states that fibromyalgia is not
25 considered for purposes of long-term disability, and mental
26 disorders only constitute total long-term disability if the
27 patient is hospitalized.  AR 476.
28

4

On March 1, 2004, Plaintiff timely appealed the denial. Specifically, Plaintiff argued that VPA had failed to consider (1) the physical impairments caused by interstitial cystitis and irritable bowel syndrome, and (2) that Plaintiff's conditions were exacerbated by her mental impairments. AR 24. In support of her argument, Plaintiff relied in part on a January 20, 2004 letter from Dr. Hernan Alvarado. Dr. Alvarado noted that Dr. Snyder (who had since retired) diagnosed Plaintiff with interstitial cystitis and stated, "This condition is characterized by flare ups and episodes of well being but during the flare up episodes patients do need to go to the bathroom more frequently. For that reason we tend to request that these patients are given breaks on a relatively frequent basis." AR 34. On April 22, 2004, VPA denied Plaintiff's appeal. In its denial, while noting Dr. Snyder's diagnoses and Dr. Alvarado's letter, VPA stated that the conditions afflicting Plaintiff, including the mental disorders and fibromyalgia, did not constitute total disability under the IPP. VPA also noted that Plaintiff took several medications for her mental disorders that made her drowsy and caused diarrhea and abdominal pain, but concluded that the IPP did not consider the effect of mental disorders on function when making a total disability determination. AR 9-11.

Plaintiff filed her complaint on August 13, 2004. At a case management conference on December 17, 2004, the Court stated that a bench trial pursuant to Rule 52 would be held on April 15, 2005. See Kearney v. Standard Ins. Co., 175 F.3d

5

1084, 1094-95 (9th Cir. 1999).

## DISCUSSION

### I. Standard of Review

ERISA provides Plaintiff with a federal cause of action to recover the benefits she claims are due under the Plan. 29 U.S.C. § 1132(a)(1)(B). The standard of review of a plan administrator's denial of ERISA benefits depends upon the terms of the benefit plan. Absent contrary language in the plan, the denial is reviewed under a de novo standard. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). However, if "the benefit plan expressly gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the plan's terms," an abuse of discretion standard is applied. Id.; Taft v. Equitable Life Assurance Soc'y, 9 F.3d 1469, 1471 (9th Cir. 1993). The Ninth Circuit has also referred to this as an "arbitrary and capricious" standard. McKenzie v. Gen. Tel. Co. of Cal., 41 F.3d 1310, 1314 & n.3 (9th Cir. 1994); Taft, 9 F.3d at 1471 n.2 (use of the term "arbitrary and capricious" versus "abuse of discretion" is a "distinction without a difference").

The IPP plainly grants VPA discretionary authority to interpret the language of the IPP and to review claim denials. In fact, the Ninth Circuit, in a recent case, noted that the IPP gives VPA discretionary authority to construe the language of the plan. Lamantia v. Voluntary Plan Adm'rs, Inc., 401 F.3d 1114, 1123 (9th Cir. 2005). Plaintiff does not dispute this. Rather, Plaintiff argues that the summary plan description that

6

accompanies the IPP does not state that VPA has discretionary authority. Thus, Plaintiff argues, the two plan documents conflict with one another, and the document most favorable to the plan participant must control.

In support of this argument, Plaintiff cites <u>Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc.</u>, 293 F.3d 1139 (9th Cir. 2002) and <u>Banuelos v. Constr. Laborers' Trust Funds for S. Cal.</u>, 382 F.3d 897 (9th Cir. 2004). Both cases are distinguishable on their facts, and neither case supports Plaintiff's position. In <u>Bergt</u>, the plaintiff was eligible to participate in a retirement plan under the master plan document, but the summary plan description unambiguously prevented him from participating. 293 F.3d at 1144. The court held that the master plan document controlled: "The plan master document is the main document that specifies the terms of the plan, and employees should be entitled to rely on its unambiguous provisions." <u>Id.</u> at 1145. In <u>Banuelos</u>, an amended version of the benefits plan contained a longer vesting period than the original version, thereby disqualifying the plaintiff. 382 F.3d at 900-01. The court ruled that the plaintiff should get the benefit of the shorter vesting period. <u>Id.</u> at 904.

Here, Plaintiff has failed to identify a conflict or ambiguity created by the summary plan description. The IPP is clear that VPA is granted discretionary authority over disability determinations and review of claim denials. The summary plan description does not contain conflicting language; to the contrary, the summary expressly states that the

7

determination of total disability will be made by VPA. Plaintiff, citing Kearney, argues that the language in the summary description is insufficient to bestow discretionary authority. Standing alone, that is true, but Plaintiff does not, and cannot, dispute that the IPP language is sufficient to confer such authority, and the summary plan description does not take it away.

II. Alleged Conflict of Interest

Plaintiff argues that, even if the VPA had discretionary authority, that discretionary authority was lost due to the administrator's inherent and actual conflict of interest. Plaintiff contends that, because VPA was subject to termination by Hewlett-Packard, an inherent conflict existed in its determination of claim denials. In support of this argument, Plaintiff cites Nord v. Black & Decker, 296 F.3d 823 (9th Cir. 2002). However, in that case, Black & Decker both funded the benefits plan and acted as the plan's administrator. Id. at 828. Here, Hewlett-Packard funds the IPP, but VPA, which is paid by Hewlett-Packard a flat quarterly rate that is not based upon the number of claims that it processes or the benefits that it awards or denies, makes disability determinations and rules on claim denials. Thus, Nord is inapposite. Plaintiff has not shown that an inherent conflict of interest existed.

Nor has Plaintiff demonstrated that VPA had an actual conflict of interest in her case. The only support Plaintiff gives for this argument is her contention that VPA should have

8

made a different determination on her claim for long-term disability benefits. That assertion alone is insufficient to establish an actual conflict of interest.

The IPP unambiguously grants discretionary authority to VPA, and is not contradicted by the summary plan description. Moreover, Plaintiff has not demonstrated that VPA had a conflict of interest when it denied her claim. Thus, the Court must apply an abuse of discretion standard of review.

III.     Abuse of Discretion Review

Plaintiff contends that VPA abused its discretion in denying her claim for long-term benefits. Plaintiff argues that (1) VPA ignored Plaintiff's diagnoses of interstitial cystitis and irritable bowel syndrome, (2) VPA lacked objective medical evidence for denying her claim for total disability, (3) VPA failed to conduct a vocational assessment of Plaintiff, and (4) VPA improperly discounted Plaintiff's somatoform pain disorder and physical impairments caused by medications for her mental disorders because the summary plan description is ambiguous as to what constitutes a mental disorder.

Plaintiff's first argument fails because the diagnoses of both interstitial cystitis and irritable bowel syndrome are directly addressed in VPA's denial of Plaintiff's appeal from the initial determination. AR 10. Second, VPA did not abuse its discretion in twice finding that Plaintiff's physical limitations did not meet the definition of total disability stated in the IPP, nor did it lack objective medical evidence for denying Plaintiff's claims. Dr. Weingarten's conclusion,

9

upon reviewing Plaintiff's medical record, was that Plaintiff's physical symptoms and limitations were caused, at least in part, by her mental and nervous disorders. That is the same conclusion reached by Plaintiff's treating physician, Dr. Snyder. AR 103. Under the terms of the IPP, Plaintiff was not totally disabled, and therefore was not entitled to long-term disability benefits, based upon diagnoses of mental disorders, fibromyalgia or somatoform pain disorder. As Defendants note, it is irrelevant whether the Court agrees with Hewlett-Packard's decision to cover generally physical disabilities but to limit strictly its coverage of mental disorders. VPA was within its discretion in finding that Plaintiff's physical limitations, which included pain, discomfort, and frequent trips to the restroom, did not completely preclude her from working. Critically, no physician, including Dr. Snyder, has ever found that Plaintiff's physical disorders and limitations alone preclude her completely from working. In fact, the letter Plaintiff submitted from Dr. Alvarado suggests that Plaintiff was not totally disabled as a result of interstitial cystitis and irritable bowel syndrome, but rather that she could be employed but would need bathroom breaks on a relatively frequent basis during flare ups of her condition.

Third, VPA did not abuse its discretion in failing to conduct a vocational assessment of Plaintiff. In McKenzie v. Gen. Tel. Co. of Cal., 41 F.3d 1310, 1317 (9th Cir. 1994), the Ninth Circuit ruled that "consideration of vocational evidence is unnecessary where the evidence in the administrative record

10

supports the conclusion that the claimant does not have an impairment which would prevent him from performing some identifiable job." The court also noted that "the language of the 'any occupation' standard is not demanding." Id. Here, VPA did not abuse its discretion in determining, from the objective medical evidence, that Plaintiff was not permanently disabled by a physical impairment. In fact, Dr. Weingarten concluded that the only accommodation Plaintiff would require as a result of her physical impairments was allowance for frequent restroom breaks. AR 18. Dr. Alvarado, Plaintiff's physician, suggested the same.

Finally, Plaintiff's argument that her somatoform pain disorder and side effects caused by medication for mental illness entitle her to long-term benefits must be rejected. Plaintiff acknowledges that the IPP's definition of mental illness includes somatoform pain disorder, but she nevertheless argues that, because the summary plan description is ambiguous as to what exactly constitutes a mental disorder, Plaintiff should get the benefit of the more favorable plan document. Similarly, the IPP states that its mental illness limitation applies to all disabilities "contributed to by mental illness," which the VPA interpreted to include side effects from medications for mental disorders. Nevertheless, Plaintiff argues that the summary plan description is also ambiguous on this issue. Again, however, Plaintiff has not shown that the summary plan description contradicts the IPP on these points. VPA did not abuse its discretion by following the unambiguous

11

language in the IPP and denying Plaintiff's claim for long-term benefits.

For the foregoing reasons, the Court is unable to conclude that VPA abused its discretion or was arbitrary and capricious in denying Plaintiff's claim for long-term disability benefits.

IV. Additional Short-Term Benefits

Plaintiff argues that, for mental or nervous disorders, the IPP provides for an additional fifty-two weeks of benefits after the initial fifty-two week short-term benefit period.  However, the IPP is clear that a plan participant is entitled only to fifty-two weeks of short-term disability benefits.  Thus, Plaintiff cannot claim another year of short-term benefits simply by claiming a different disabling condition.  Moreover, the IPP is clear that a participant may only receive long-term benefits for a disabling mental disorder if the individual is hospitalized.  The VPA did not abuse its discretion when it concluded, on two different occasions, that Plaintiff was not totally disabled under that definition.  Thus, Plaintiff is not entitled to further benefits.

## CONCLUSION

For the foregoing reason, the Court DENIES Plaintiff's motion for summary judgment (Docket No. 14), GRANTS Defendants' motion for judgment under Federal Rule of Civil Procedure 52 (Docket No. 15), and DENIES as moot Plaintiff's motion to strike (Docket No. 33).  Each party shall bear its own costs.  The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

```
Dated: 6/2/05                    /s/ CLAUDIA WILKEN
                                 CLAUDIA WILKEN
                                 United States District Judge
```

13