IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA CARTER, | No. C 04-3307 CW |
| Plaintiff, | ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANTS |
| v. | |
| HEWLETT-PACKARD COMPANY and HEWLETT-PACKARD COMPANY INCOME PROTECTION PLAN, | |
| Defendants. / | |

Plaintiff Debra Carter appealed this Court's grant of judgment in favor of Defendants Hewlett-Packard Company and Hewlett-Packard Company Income Protection Plan. The Ninth Circuit remanded the case in light of its recent decision in <u>Abatie v. Alta Health & Life Insurance Co.</u>, 458 F.3d 955 (9th Cir. 2006) (en banc). The parties filed supplemental cross-motions for summary judgment addressing <u>Abatie</u> and its impact, if any, on this case. Having reviewed <u>Abatie</u>, the parties' papers and the evidence cited therein, the Court concludes that <u>Abatie</u> does not alter the Court's previous ruling that the administrator, Volunteer Plan Administrators, Inc. (VPA), did not abuse its discretion in denying

Plaintiff's claim for long-term disability benefits.  Therefore, the Court again grants judgment in favor of Defendants.

DISCUSSION

In its prior order, the Court found that the plan here unambiguously grants discretionary authority to VPA and, therefore, the abuse of discretion standard applied.  Although Plaintiff claimed there was a conflict of interest, the Court found none.  It is undisputed that the insurer here does not act both as the plan administrator and the funding source for benefits; therefore, there is no structural conflict of interest.  And, because there is no structural conflict of interest, the Ninth Circuit's decision in Abatie to overrule Atwood v. Newmont Gold Co., 45 F.3d 1317 (9th Cir. 1995), is not relevant to this case.

In addition to overruling Atwood, however, the Ninth Circuit addressed what standard of review the district court should apply when the administrator fails to follow procedural requirements.  Abatie, 458 F.3d at 971.  The court noted that it had recently held that an administrator's failure to comply with ERISA procedural requirements generally does not alter the standard of review from abuse of discretion review to de novo review.  Id. (citing Gatti v. Reliance Standard Life Ins. Co., 415 F.3d 978, 985 (9th Cir. 2005)).  But, the court recognized that, when "an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA, and thus acts in utter disregard of the underlying purpose of the plan as well," the court will "review de novo the administrator's decision to deny benefits."  Id.  As an example of "this kind of egregious act," the court described the

2

1  administrator's actions in <u>Blau v. Del Monte Corp.</u>, 748 F.3d 1348
2  (9th Cir. 1984).  There, the administrator kept the policy details
3  secret from the employees, offered the employees no claims
4  procedure, and did not provide the employees in writing the
5  relevant plan information: "in other words, the administrator
6  'failed to comply with virtually every applicable mandate of
7  ERISA.'"  <u>Abatie</u>, 458 F.3d at 971 (quoting <u>Blau</u>, 748 F.2d at 1353).
8      Plaintiff argues that, here, there were flagrant procedural
9  violations and, therefore, the Court should review de novo VPA's
10 decision to deny Plaintiff long-term disability benefits.
11 Reviewing the record, however, the Court does not find any flagrant
12 violations of ERISA procedure.  Under <u>Abatie</u>, abuse of discretion
13 remains the proper standard of review.
14     Plaintiff also argues that there were procedural
15 irregularities.  Abatie instructs,

> A procedural irregularity, like a conflict of interest, is a matter to be weighed in deciding whether an administrator's decision was an abuse of discretion.  When an administrator can show that it has engaged in an "ongoing, good faith exchange of information between the administrator and the claimant," the court should give the administrator's decision broad deference notwithstanding a minor irregularity.  A more serious procedural irregularity may weigh more heavily.

<u>Id.</u> at 972 (quoting <u>Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Protection Plan</u>, 349 F.3d 1098, 1109 (9th Cir. 2003) (citations omitted)).  Plaintiff, however, points to no procedural irregularity that weighs against VPA's decision.  Indeed, most of Plaintiff's arguments concerning "procedural irregularities" are based on disagreements with VPA's decision on the merits, not VPA's procedures.  Any procedural irregularity Plaintiff cites is minor.

3

<u>Abatie</u> also instructs that, when a plan administrator has engaged in a procedural irregularity that has affected the administrative record, the district court should reconsider the administrator's denial after the plaintiff has been given an opportunity to submit additional evidence.  Here, however, Plaintiff points to no procedural irregularity that "prevented full development of the administrative record."  <u>See</u> <u>id.</u> at 972-73.  Therefore, the Court need not consider any additional evidence.

Applying <u>Abatie</u>, and weighing any minor procedural irregularities and the merits of VPA's decision, the Court is again unable to conclude that VPA abused its discretion or was arbitrary and capricious in denying Plaintiff's claim for long-term disability benefits.

## CONCLUSION

For the foregoing reasons, the Court GRANTS summary judgment in favor of Defendants and DENIES Plaintiff's supplemental motion for summary judgment.  Each party shall bear its own costs.  The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: 1/17/07

CLAUDIA WILKEN
United States District Judge

4